UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BLAZE ROBERT DOWNEY,

    Plaintiff,

        v.                                 CAUSE NO. 3:21-CV-234-RLM-MGG

JASON, et al.,

    Defendants.

OPINION AND ORDER

Blaze Robert Downey, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Downey arrived at Indiana State Prison in January 2021. He claims that inmates in his dormitory began threatening to hurt or kill him, so he was moved from A-Dorm to C-Dorm. His new cell had a broken lock and thus was not secure. Mr. Downey complained to unnamed correctional officers about the broken lock but claims nothing was done. His mother contacted Deputy Warden Jason (last name unknown), who came to his cell to talk to him about the issue, but the lock still wasn't

fixed for another two weeks. During this period, Mr. Downey was robbed of his belongings, harassed by other inmates, and suffered emotional distress worrying about this safety.

It seems his lock has been fixed, but he remains concerned for his safety. He says the other inmates saw the Deputy Warden and others coming by his cell to talk to him about the lock, and assumed he was a "snitch." He claims they have threatened to kill him because of this. His February 2021 request for protective custody was denied. The complaint can be read to allege that Mr. Downey believes himself still at risk of harm. He says there were recently "back to back murders" at the prison, one of an inmate and one of a guard, within a span of thirty days.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 832-833 (1994). "[P]risons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." Grieveson v. Anderson, 538 F.3d 763, 777 (7th Cir. 2008). A failure-to-protect claim can't be predicated "merely on knowledge of general risks of violence in a detention facility." Brown v. Budz, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Santiago v. Wells, 599 F.3d 749, 756 (7th Cir. 2010).

Giving Mr. Downey the inferences to which he is entitled at this stage, he alleges that the Deputy Warden had direct knowledge that other inmates had threatened him and he was being housed in a cell with no working lock. Yet the Deputy Warden allegedly failed to remedy the situation for two weeks. Whether Mr. Downey was actually injured by other inmates isn't entirely clear from the complaint, but at the pleading stage the court can't conclude that Mr. Downey's claim necessarily fails. He alleges in general terms that he suffered a physical injury, and further claims that his property was stolen and that he suffered significant emotional distress worrying about an attack. *See* Smith v. Peters, 631 F.3d 418, 421 (7th Cir. 2011) (prison officials who "expose a prisoner to a substantial risk of a serious physical injury violate his Eighth Amendment rights"); Doe v. Welborn, 110 F.3d 520, 524 (7th Cir. 1997) ("The Constitution does not countenance psychological torture merely because it fails to inflict physical injury."). He can proceed past the pleading stage against this defendant.

Mr. Downey also names Indiana State Prison Warden as a defendant. The complaint can be read to allege that he is at risk of harm from other inmates because inmates mistakenly labeled him a "snitch.". The Warden has both the authority and the responsibility to ensure that inmates are protected from harm by other inmates as required by the Eighth Amendment. *See* Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011). Mr. Downey can proceed on an Eighth Amendment claim against Ron Neal in his official capacity as Warden of ISP for permanent injunctive relief. Given the nature of Mr. Downey's allegations, the court will send a copy of the complaint to

the Warden and require him to respond in an expedited fashion, addressing what steps are being taken to protect Mr. Downey from harm by other inmates.

Mr. Downey also sues the "Warden's Office," but this is an office within the prison, not a person or a policy-making body that can be sued for constitutional violations. *See* Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012); Sow v. Fortville Police Dep't, 636 F.3d 293, 300 (7th Cir. 2011). Likewise, he sues prison, which is a building, not a person that can be held liable under 42 U.S.C. § 1983. Smith v. Knox County Jail, 666 F.3d at 1040. He also sues the "Mental Health Department," but doesn't identify any people involved with his mental health care or provide factual content describing how his care was constitutionally inadequate. These defendants will be dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Ron Neal in his official capacity as the Warden of Indiana State Prison on an Eighth Amendment claim to obtain permanent injunctive relief related to his need for protection from other inmates;

(2) GRANTS the plaintiff leave to proceed against Deputy Warden Jason (last name unknown) in his personal capacity for monetary damages for failing to protect him from other inmates in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Indiana State Prison, the Warden's Office, and the Mental Health Department as defendants;

(5) DIRECTS the clerk to request a Waiver of Service from Ron Neal by email to the Indiana Department of Correction along with a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d), and to fax or email a copy of the same documents to Warden Neal at Indiana State Prison;

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Deputy Warden Jason (last name unknown) and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(7) DIRECTS the United States Marshals Service to serve process on Warden Ron Neal pursuant to 28 U.S.C. § 1915(d) by **May 24, 2021** if he does not file an appearance by **May 17, 2021**;

(8) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service, to the extent this information is available;

(9) ORDERS Warden Ron Neal to file and serve a response no later than **June 2, 2021**, with supporting documentation and declarations from staff as necessary, addressing the status of the plaintiff's request for protective custody, whether he is presently in danger from other inmates at his facility, and what steps are being taken to protect him from harm; and

(10) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden Ron Neal and Deputy Warden Jason to respond, as provided in the Federal Rules of Civil Procedure

5

and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 6, 2021

s/ Robert L. Miller, Jr.<br>
JUDGE<br>
UNITED STATES DISTRICT COURT